IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE FULLER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO.: 07-CV-2341 |
| | ) |
| DONALD HULICK, Warden | ) |
| Menard Correctional Center, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Petitioner Tyrone Fuller filed a Petition for Writ of Habeas Corpus. Respondent moved to dismiss the petition on the ground that it was time-barred. On August 25, 2008, this Court dismissed the petition, finding that "despite attorney Boeder's abysmal representation of Fuller during the post-conviction process," Seventh Circuit precedent compelled the Court to hold that the petition was untimely. On September 22, 2008, Petitioner moved for reconsideration or, in the alternative, for the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) [56]. In his motion, Petitioner briefly urges the Court to reconsider its decision, but more pointedly requests that the Court issue a certificate of appealability.

Because the request for reconsideration was filed after the ten-day window for filing a Rule 59(e) motion to alter or amend the August 25, 2008 judgment had passed, the Court must address the motion under Rule 60(b).[1] See, *e.g.*, *Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). "Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71

---

[1] In his reply brief, Petitioner concedes that his motion for reconsideration was not filed within ten days from the judgment entered by this Court and therefore cannot properly be considered under Rule 59(e).

F.3d 696, 698 (7th Cir. 1995). A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule.[2] See Fed. R. Civ. P. 60(b); see also *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) (explaining that Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal found in 60(b)-they cannot be general pleas for relief"). In the present case, Petitioner has made no attempt to show that this Court's judgment should be reopened on any of the grounds set forth in Rule 60(b). Rather, Petitioner claims that this Court erred when it rejected his argument that his original habeas counsel's "egregious misconduct" warranted equitable tolling. DE 56 at ¶¶ 8-9. However, "[a] contention that a judge erred with respect to the materials in the record is not within Rule 60(b)'s scope[.]" *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). And, in any event, the Court found that it "is bound by the Seventh Circuit, which has made clear that 'attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client, and thus is not a circumstance beyond petitioner's control that might excuse an untimely petition.'" DE 53 at 9 (quoting *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005)). Accordingly, the Court denies Petitioner's motion for reconsideration.

This Court has discretion to issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The Supreme Court has held that when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, "a COA should issue when the

---

[2] Rule 60(b) provides that "the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*.

With respect to the procedural ruling, the Court recognized in its August 25 opinion that "a different result may have been obtained under the facts of this case in a different circuit." 8/25/08 Order at 11 n. 6. Indeed, the Second, Third, Fifth, and Ninth Circuits have issued published decisions granting equitable tolling on the basis of an attorney's "sufficiently egregious misconduct." Although the Court was bound to follow Seventh Circuit precedent in this case, because (i) a clear split in the circuits exists on what standard should be applied in determining whether equitable tolling should excuse the untimely filing of a habeas petition and (ii) the Seventh Circuit has not categorically rejected equitable tolling, the Court agrees that "jurists of reason would find it debatable" whether this Court correctly applied the law to the facts of this case in rendering its procedural ruling, given the particularly egregious misconduct of Petitioner's previous counsel. *Slack*, 529 U.S. at 484.

However, the Court's inquiry may not end here. The Court also must assess whether Petitioner has stated a valid underlying claim of the denial of a constitutional right. Petitioner's § 2254 petition claimed an entitlement to habeas relief under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the state trial court imposed a sentence of natural life imprisonment on the basis of an aggravating factor – that he intentionally shot jewelry store owner Marc Feldman in the head during the course of an armed robbery (see 720 ILCS 5/9-1(a)(2); 730 ILCS 5/5-8-

3

1(a)(1)(b)) – that was not found by a jury beyond a reasonable doubt. On this point, Respondent presents five pages of argument, centering on the recent Seventh Circuit decision of *Mack v. McCann*, 530 F.3d 523 (7th Cir. 2008), to bolster his contention that Petitioner's *Apprendi* claim has no merit. In his reply brief, Petitioner unfortunately does not address the merits of his underlying constitutional claim; rather, he merely addresses the procedural prong, reasserting that it is debatable whether equitable tolling should excuse the untimely filing of his habeas petition.

In *Mack*, the petitioner waived his right to a jury for the guilt phase of his trial, but reserved his right to have a jury determine whether he should be sentenced to death. See 530 F.3d at 525. The trial court found Mack guilty beyond a reasonable doubt of "(1) intentionally and knowingly shooting and killing [the victim]; (2) shooting and killing [the victim] with a gun knowing that such shooting with a gun created a strong probability of death or great bodily harm; and (3) shooting and killing [the victim] while committing the forcible felony of armed robbery." *Id*. at 534. At the ensuing capital sentencing hearing, a jury determined that Mack was eligible for the death penalty because the murder had occurred during the course of a forcible felony and no mitigating factors precluded a sentence of death. *Id*. at 526. During the state post-conviction proceedings, the death sentence was vacated because the sentencing jury failed to determine that Mack committed the murder with the necessary mental state. *Id*. at 528. The case was remanded to the state trial court for resentencing, after *Apprendi* was decided. The resentencing jury was unable to determine beyond a reasonable doubt whether Mack was death-eligible, but the trial court found by a preponderance of the evidence that two aggravating factors existed and the court therefore imposed a sentence of natural life imprisonment.

On federal habeas review, Mack argued that notwithstanding the trial court's finding beyond a reasonable doubt that he acted intentionally and with knowledge that the acts which caused the victim's death created a strong probability of death, he was entitled under *Apprendi* to have the resentencing jury make that same finding. *Mack*, 530 F.3d at 536. The district court denied relief, and the Seventh Circuit affirmed, stating that all *Apprendi* required was that petitioner "be found guilty beyond a reasonable doubt of every element of the crime with which he was charged." *Id*. (citing *Apprendi*, 530 U.S. at 477). The court of appeals noted that Mack's state of mind at the time of the offense was both an element of the crime and part of the aggravating factor sentencing scheme. *Id*. Thus, while Illinois law puts the same question at issue twice, the Seventh Circuit found that "[t]he Constitution * * * does not require the State to prove [a petitioner's] state of mind twice." *Id*. Because Mack had waived his right to a jury for the guilt phase of the trial, where his state of mind was at issue, the trial court's factual findings permitted the resentencing judge to impose a life sentence, without the need for any additional factfinding by a sentencing jury. See *id*. at 536-37 ("For federal constitutional purposes, he thus waived his right to have a jury determine his state of mind, and there was no *Apprendi* violation. This is so because no additional factfindings beyond those made at the guilt phase (or conceded by the defendant) were necessary to impose a sentence of natural life.").

As in *Mack*, Petitioner here waived his right to a jury for the guilt phase of trial when he pleaded guilty to three counts of first degree murder and reserved his right to have a jury determine whether he could be sentenced to death. In accepting Petitioner's guilty plea, the state trial court determined that he intentionally and knowingly shot and killed the victim; that he did so knowing that shooting the victim created a strong probability of death or great bodily harm; and that he did so while committing armed robbery. See *People v. Fuller*, 793 N.E.2d 526, 531-

32 (Ill. 2002). Petitioner also was sentenced to death pursuant to the felony murder aggravating factor, and his sentence was vacated on appeal because the capital sentencing jury did not find that Petitioner committed the murder with the requisite mental state. See *Fuller*, 793 N.E.2d at 549-50. Like the petitioner in *Mack*, Petitioner's sole argument here is that, because he reserved his right under Illinois law to have a jury determine his sentence, *Apprendi* required that the resentencing jury find beyond a reasonable doubt that he was death-eligible under the felony murder aggravating factor.

As he conceded in his Petition for Writ of Habeas Corpus, Petitioner "entered a guilty plea admitting to the elements of the crime he was charged with, in this case first degree murder." DE 1 at 16. Petitioner's plea to first degree "intentional and knowing" murder made him eligible for a term of twenty to sixty years imprisonment. Illinois statutes allow for a sentence greater than sixty years imprisonment if the "court finds beyond a reasonable doubt that the * * * defendant is eligible for the death penalty" under the aggravating factors enumerated in 730 ILCS 5/5-8-1(a)(1)(b). Like the petitioner in *Mack*, Petitioner argues that in order to find him eligible for death, the court was required to make additional findings that he acted with the necessary mental intent to kill the victim during the commission of an armed robbery. However, as the *Mack* court explained in assessing the same statutory scheme, Petitioner's state of mind at the time of the murder may be both an element of the crime and part of the aggravating factor sentencing scheme. Here, Petitioner waived his right to a jury for the guilt phase of the trial and conceded the elements of the crime charged. And, in accepting his guilty plea, the state trial court found that Petitioner acted intentionally and knowingly at the time he shot and killed Feldman, that he acted with knowledge that shooting Feldman created a strong probability of death or great bodily harm, and that he did so while committing armed robbery. The admissions

by Petitioner in his plea of guilty and the factual determinations by the state trial court at the time that it accepted Petitioner's plea permitted the resentencing judge to impose a life sentence, without any need for additional factfinding by a sentencing jury. See *Mack*, 530 F.3d at 536-37 ("The Constitution, however, does not require the State to prove Mack's state of mind twice. Once was enough for federal purposes.").

Because Petitioner's *Apprendi* claim was expressly rejected by the Seventh Circuit in *Mack*, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. See *Slack*, 529 U.S. at 484. Accordingly, the Court respectfully declines to issue a certificate of appealability.

## III. Conclusion

For the reasons stated above, the Court denies Petitioner's motion for reconsideration or, in the alternative, for issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) [56].

Dated: November 6, 2008

_____
Robert M. Dow, Jr.
United States District Judge